**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION | § § § | |
| Plaintiff, | § § § | |
| VS. | § § | MISC. ACTION NO. H-11-0040 |
| U.S. VENTURES, LC . a Utah limited liability company, WINSOME INVESTMENT TRUST, an unincorporated Texas entity, ROBERT J. ANDRES and ROBERT L. HOLLOWAY, | § § § § § § § | |
| Defendants. | § § | |
| WILLIAM T. CORNELIUS, R.P,. CORNELIUS; and CORNELIUS & SALHAB | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | |
| R. WAYNE KLEIN, RECEIVER FOR U.S. VENTURES LC and WINSOME INVESTMENT TRUST, | § § § § § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

This miscellaneous action arises out of an alleged "Ponzi" scheme operated by an unincorporated Texas entity, the Winsome Investment Trust, a Utah limited partnership, U.S. Ventures LC, and two individuals, Robert J. Andres and Robert L. Holloway. Cornelius & Salhab, a Texas law firm, filed this action in this court against R. Wayne Klein, the court-appointed receiver in the Utah federal district court case. The Utah case was filed by the U.S. Commodity Futures

Trading Commission ("CFTC") against the alleged operators of the Ponzi scheme. Cornelius & Salhab's miscellaneous suit seeks a declaration that the Texas statute of repose bars any action by the receiver to recover — as fraudulent transfers — payments that Cornelius & Salhab received from Winsome in 2006 and 2007. The receiver has moved to dismiss, arguing that this court lacks subject-matter jurisdiction. The receiver contends that the Utah district court order of appointment stayed all legal actions against him related to receivership assets without leave of court and that Cornelius & Salhab did not seek or obtain the approval of the Utah court before filing this action.

Based on the pleadings; the motion, response, and reply; and the relevant law, this court grants the receiver's motion to dismiss. The reasons for this ruling are explained below.

**I.   Background**

In January 2011, the CFTC sued Winsome, U.S. Ventures, Andres, and Holloway in the United States District Court for the District of Utah. The complaint alleged that the four defendants operated a Ponzi scheme that defrauded investors of over $50 million. The Utah court appointed R. Wayne Klein as receiver for the defendants' assets. The order appointing the receiver stated that "[e]xcept by leave of the Court, . . . all . . . persons and entities seeking relief of any kind from Defendants' Assets" "are enjoined and stayed from taking any action to establish or enforce any claim . . . against . . . the Receiver [or] receivership assets . . . including but not limited to . . . [c]ommencing, prosecuting, litigating, or enforcing any suit." (Docket Entry No. 3-1, at 13).

In February 2011, the court-appointed receiver in the Utah action filed a notice of receivership in this court. (Docket Entry 1). The notice of receivership was filed under 28 U.S.C. § 754, which states that the receiver "shall, within ten days after the entry of his order of appointment, file copies of the complaint and such order of appointment in the district court for each

district in which property is located." The receiver believes that property subject to the receivership is located in the Southern District of Texas.

In July 2011, the receiver sent a letter to Cornelius & Salhab, a Texas law firm that received payments totaling $89,845.73 from Winsome in 2006 and 2007. (Docket Entry No. 2-1, at 1). The letter asked Cornelius & Salhab either to return the $89,845.73 or to provide documentation for the services the law firm provided Winsome in exchange for the payments. (*Id.*). The law firm chose the latter course. After reviewing Cornelius & Salhab's explanation and documentation, the receiver concluded that the payments were fraudulent transfers that had to be sent to the receiver. (*Id.*, at 3). The receiver sent Cornelius & Salhab a second letter that outlined the legal analysis, encouraged the law firm "to review the fairly unique case law that applies to receivership proceedings," and asked that all payments from Winsome be sent to the receiver. (*Id.*, at 5). If Cornelius & Salhab did not send the payments by September 16, 2011, the receiver threatened litigation in the Utah federal district court. (*Id.*).

Cornelius & Salhab did not send the $89,845.73. Instead, on October 3, 2011, it filed a complaint for declaratory relief against the receiver in the miscellaneous proceeding the receiver had filed in this district under 28 U.S.C. § 754.[1] Cornelius & Salhab did not seek or obtain approval from the Utah district court before filing its complaint in this court. The complaint alleges subject matter jurisdiction under 28 U.S.C. § 959 and 28 U.S.C. § 1332 and seeks a declaration that Tex. Bus. & Com. Code § 24.010, the Texas statute of repose for fraudulent transfer actions, "has

---

[1] The plaintiffs are Cornelius & Salhab and two of its attorneys, William T. Cornelius and R.P. Cornelius. This opinion refers to all three plaintiffs as Cornelius & Salhab.

extinguished any cause of action" the receiver can bring against Cornelius & Salhab to recover the payments from Winsome.  (Docket Entry No. 2, at 2).

The receiver filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). (Docket Entry No. 3).  Cornelius & Salhab responded, (Docket Entry No. 4), and the receiver replied, (Docket Entry No. 5).  Relying on *Barton v. Barbour*, 104 U.S. 126 (1881), the receiver argues that this court lacks subject matter jurisdiction over Cornelius & Salhab's action because Cornelius & Salhab has not sought leave from the Utah court before filing its complaint.  (Docket Entry No. 3, at 3–5).  Cornelius & Salhab responds that this court has subject matter jurisdiction under 28 U.S.C. § 959(a), which codifies an exception to the *Barton* doctrine.  (Docket Entry No. 4, at 3–5).

## II.   The Legal Standard Under Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject matter jurisdiction.  "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."  *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)).  "[T]he standard of Rule 12(b)(1) . . . while similar to the standard of Rule 12(b)(6), permits the court to consider a broader range of materials in resolving the motion."  *Williams v. Wynne*, 533 F.3d 360, 365 n. 2 (5th Cir. 2008).  "Courts may dismiss for lack of subject matter jurisdiction on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  *Clark v. Tarrant Cnty.*, 798 F.2d 736, 741 (5th Cir. 1986).  An attack on subject matter jurisdiction may be either

4

"facial," under which the district court accepts the facts in the plaintiff's complaint as true, or "factual," under which the trial court may weigh the evidence and resolve disputed factual issues to determine if jurisdiction exists. *Williamson v. Tucker*, 645 F.2d 404, 412–14 (5th Cir. 1981). As the party invoking the federal court's jurisdiction, the plaintiff bears the burden of establishing that subject matter jurisdiction exists. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011).

## III.   Analysis

In *Barton*, the Supreme Court held that "when a plaintiff sues a receiver outside of and without the permission of the appointing court, the non-appointing court is without jurisdiction to entertain the suit." *Med. Dev. Int'l v. Cal. Dep't of Corr. & Rehab.*, 585 F.3d 1211, 1216–17 (9th Cir. 2009) (citing *Barton*, 104 U.S. at 131). Congress enacted an exception to the *Barton* doctrine, which allows suits against receivers "without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with [receivership] property." 28 U.S.C. § 959(a). "By its terms, this limited exception applies only if the [receiver] is actually operating the business, and only to 'acts or transactions in conducting the . . . business in the ordinary sense of the words or in pursuing that business as an operating enterprise.'" *Beck v. Fort James Corp. (In re Crown Vantage, Inc.)*, 421 F.3d 963, 971–72 (9th Cir. 2005) (quoting *Muratore v. Darr*, 375 F.3d 140, 144 (1st Cir. 2004)); *see also Carter v. Rodgers*, 220 F.3d 1249, 1254 (11th Cir. 2000) ("The 'carrying on business' exception in section 959(a) is intended to 'permit actions redressing torts committed in furtherance of the debtor's business, such as the common situation of a negligence claim in a slip and fall case where a bankruptcy trustee, for example, conducted a retail store.'" (quoting *Lebovits v. Schieffel* (*In re Lehal Realty Assocs.*), 101 F.3d 272, 276 (2d Cir.

5

1996))). The exception does not apply to suits against receivers for actions taken by them to collect and preserve assets of the receivership estate. *See Muratore*, 375 F.3d at 144 ("[C]ourts have concluded that merely holding and collecting the assets intact, collecting and liquidating the assets of the debtor, and taking steps for the care and preservation of the property, do not constitute 'carrying on business' [under § 959(a)]." (internal citations omitted)); *Carter*, 220 F.3d at 1254 ("Section 959(a) does not apply to suits against trustees for administering or liquidating the bankruptcy estate."); *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1241 (6th Cir. 1993) ("Merely collecting, taking steps to preserve, and/or holding assets, as well as other aspects of administering and liquidating the estate, do not constitute 'carrying on business' as that term has been judicially interpreted." (citation omitted)).

Contrary to Cornelius & Salhab's argument, 28 U.S.C. § 959(a) does not exempt its declaratory judgment action from the *Barton* doctrine. The receiver sent Cornelius & Salhab a letter demanding the return of payments made by Winsome to Cornelius & Salhab, which the receiver asserts qualify as fraudulent transfers under the Uniform Fraudulent Transfer Act. The complaint seeks a declaration that the Texas statute of repose has extinguished the receiver's fraudulent transfer cause of action. By demanding for the return of the alleged fraudulent transfers, the receiver is not operating the business of the companies under receivership. Instead, the receiver is attempting to collect and preserve assets of the receivership estate.

The plaintiffs "readily agree that most of the authority suggests that 28 U.S.C. § 959(a) has been read to limit actions against receivers in most instances not involving claims arising from continuing operation by the receiver of a commercial enterprise." The plaintiffs argue that "[t]he facts of *Barton* have obscured the conceptual underpinnings of Justice Miller's [*Barton* dissent],"

which prompted Congress to enact the exception codified in § 959(a). (Docket Entry No. 4, at 3). According to the plaintiffs, Justice Miller's dissent would allow actions against receivers without leave of the appointing court "where the plaintiff is neither interfering with the functions of the receivership nor attempting to interfere with the actual possession of property in the hands of the receiver." (*Id.*). Regardless of the conceptual underpinnings of Justice Miller's dissent, Congress chose to allow receivers to be sued "without leave of the court appointing them, with respect to any of their acts or transactions in *carrying on business* connected with [receivership] property." 28 U.S.C. § 959(a) (emphasis added). In this case, the record is clear that the receiver is not carrying on Winsome's business. Instead, the receiver is winding up the affairs of the company so that the funds he is able to collect can be returned to the allegedly defrauded investors.[2]

Section 959(a)'s exception to the *Barton* doctrine does not apply to suits against receivers for actions taken by them to collect and preserve assets of the receivership estate. Accordingly, the plaintiffs had to obtain leave from the Utah federal district court before bringing this declaratory judgment action against the receiver in another court. Because they have not done so, this court lacks subject matter jurisdiction over the complaint. *See Posin v. Sheehan*, No. 5:11CV96, 2011 WL 3022305, at *4 (N.D.W.Va. July 22, 2011) ("Based upon the *Barton* doctrine, because the plaintiff did not get leave of the appointing court before filing the complaint, the complaint must be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)."); *Van Upp v. Bradlow*, No. C 10-02559 SI, 2010 WL 4314418, at *2 (N.D. Cal. Oct. 26, 2010) (dismissing the plaintiff's complaint for lack of subject matter jurisdiction under *Barton* where "[a]ll

---

[2] And in any event, by attempting to foreclose the receiver's fraudulent transfer action against them, the plaintiffs are interfering with the functions of the receivership. These functions include collecting and preserving the property of the receivership estate.

7

of the allegations . . . stem[med] out of the trustee's administration of the bankruptcy estate"); *Clanton v. N. Pac. Grp., Inc.*, No. 2:10-cv-57KS-MTP, 2010 WL 2944562, at *5 (S.D. Miss. July 22, 2010) (dismissing the plaintiff's complaint for lack of subject matter jurisdiction under *Barton* where the record was "replete with evidence that the Receiver [was] liquidating the assets of [the entity under receivership] and [was] not attempting to operate it as a going concern").

**IV.     Conclusion**

The receiver's motion to dismiss, (Docket Entry No. 3), is granted. The complaint filed against the receiver by Cornelius & Salhab, (Docket Entry No. 2), is dismissed for lack of subject matter jurisdiction.

SIGNED on November 22, 2011, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge